the subject of *Kroder Reubel Co., Inc., et al.* v. *United States* (44 Cust. Ct. 274, C.D. 2186), the claim of the plaintiffs was sustained.

No. 67725.—W. H. S. Lloyd Co., Inc., et al. *v.* United States, protests 61/24490, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of samples similar in all material respects to those the subject of *Carson M. Simon & Co.* v. *United States* (46 Cust. Ct. 118, C.D. 2243), the claim of the plaintiffs was sustained.

No. 67726.—W. H. S. Lloyd Co., Inc. *v.* United States, protest 62/7905 (Los Angeles).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of samples similar in all material respects to those the subject of *Carson M. Simon & Co.* v. *United States* (46 Cust. Ct. 118, C.D. 2243), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MAY 15, 1963

No. 67727.—Inlander-Steindler Paper Co. *v.* United States, protests 62/3947–14440, etc. (New Orleans).

RICHARDSON, Judge: When these protests were called for trial, defendant's counsel moved to dismiss them upon the ground that the issue before the court was previously decided. Plaintiff's counsel stated "I have no defense." Appeals to reappraisement raising the same issue as is involved in the instant protests, and embracing the same entries which are now before the court, were dismissed on June 7, 1961, as having been untimely filed. (See *Ensenat and Cie., Inc., et al.* v. *United States*, 46 Cust. Ct. 701, Reap. Dec. 10015.) No appeal was taken from such judgment of dismissal by the plaintiff who was one of the parties affected thereby.

Upon the basis of the judgment of dismissal in *Ensenat and Cie., Inc., et al.* v. *United States*, *supra*, and the representation of plaintiff's counsel that he had no defense, we hold that the issue raised in the instant protests is *res judicata*. Defendant's motion to dismiss the instant protests is, therefore, granted.

Judgment will be entered accordingly.